IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> FRANCISCO ROSA RIOS and FRANCISCO ROSA STERLING as guardians for C.S., a minor; FAUSTO OMAR TEJADA-GARCIA as guardian for N.R., a minor; FRANCISCO OMAR TEJADA ROSA; and ROLAND DEWAYNE SMITH JR., <br><br>     Defendants. | Civil Action No.: |

## COMPLAINT FOR INTERPLEADER

Plaintiff Unum Life Insurance Company of America ("Unum" or "Plaintiff"), by counsel, and pursuant to Rule 22 of the Federal Rules of Civil Procedure, complaining in interpleader of the above-named Defendants, would allege and show unto the Court as follows:

**Jurisdiction and Venue**

1. This is an action in interpleader brought pursuant to 28 U.S.C. § 1331 and Fed. R. Civ. P. 22 concerning the rights and obligations of the parties concerning benefits available pursuant to group life insurance policies issued by Unum and bearing policy number 474187, providing Basic Life and Accidental Death and Dismemberment coverage. (collectively "the Group Policies").

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the Group Policies are issued pursuant to a plan of employee welfare benefits organized and

maintained pursuant to the Employee Retirement Income Security Act ("ERISA") 28 U.S.C.§§ 1001, *et seq.*

3. Venue is proper in this Judicial District under 28 U.S.C. §1391 in that this is a civil action and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District, and the decedent, Mercedes Rosa Sterling ("Ms. Sterling"), resided in this Judicial District prior to her passing.

### The Parties

4. Plaintiff Unum is a foreign insurer authorized to conduct business within the State of North Carolina.

5. Defendants C.R, N.R, and Francisco Omar Tejada Rosa, are the children of Ms. Sterling.

6. C.R. was born on March 20, 2020. N.R. was born on July 26, 2007. Francisco Omar Tejada Rose was born on August 10, 2005.

7. Defendant Roland Dewayne Smith Jr. ("Defendant Smith") is a natural person who was, at the time of decedent's passing, a citizen and resident of Cumberland County, North Carolina. Upon information and belief, Defendant Smith has been arrested and charged with the murder of Ms. Sterling.

### CLAIM FOR RELIEF IN INTERPLEADER

8. At the time of her death, on or about January 10, 2022, Ms. Sterling's life was insured under the following coverages: (1) Basic Life in the amount of $10,000.00; and (2) Basic Accidental Death and Dismemberment in the amount of $10,000.00. The aggregate benefit under the Group Policies is $20,000.00.

9. Ms. Sterling designated Defendant Smith as the beneficiary of her Basic Life insurance benefit and her Basic Accidental Death and Dismemberment insurance benefit.

10. On or about June 10, 2022, Ms. Sterling was killed in her home.

11. The Death Certificate issued in connection with Ms. Sterling's passing identifies the cause of death as "Gunshot wound of head and neck."

12. Upon information and belief, Defendant Smith was charged with first-degree murder in the killing of Ms. Sterling, and he awaits trial.

13. North Carolina law provides as follows:

> "Slayer means any of the following: (a) a person who, by a court of competent jurisdiction, is convicted as a principal or accessory before the fact of the willful and unlawful killing of another person; (b) a person who has entered a plea of guilty in open court as a principal or accessory before the fact of the willful and unlawful killing of another person; (c) a person who, upon indictment or information as a principal or accessory before the fact of the willful and unlawful killing of another person, has tendered a plea of nolo contendere which was accepted by the court and judgment entered thereon; (d) a person who is found by a preponderance of the evidence in a civil action brought within two years after the death of the decedent to have willfully and unlawfully killed the decedent or procured the killing of the decedent. If a criminal proceeding is brought against the person to establish the person's guilt as a principal or accessory before the fact of the willful and unlawful killing of the decedent within two years after the death of the decedent, the civil action may be brought within 90 days after a final determination is made by a court of competent jurisdiction in that criminal proceeding or within the original two years after the death of the decedent, whichever is later. The burden of proof in the civil action is on the party seeking to establish that the killing was willful and unlawful for the purposes of this Article . . . ."

N.C. Gen. Stat. § 31A-3.

13. North Carolina law further provides:

> "Insurance and annuity proceeds payable to the slayer: (1) as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or (2) in any other manner payable to the slayer by virtue

> of his surviving the decedent shall be paid to the person or persons who have been entitled thereto as if the slayer had predeceased the decedent. If no alternate beneficiary is named, insurance and annuity proceeds shall be paid into the estate of the decedent."

Id. § 31A-11.

14. The Group Policies provide that should a beneficiary fail to survive the insured, or be disqualified, the proceeds of the Group Policies will paid to the insured's child or children.

15. Ms. Sterling has two minor children, C.R. and N.R., and one adult child, Francisco Omar Tejada Rosa.

16. The Basic Life and Basic Accidental Death and Dismemberment benefits under the Group Policies, in the aggregate amount of $20,000.00, have yet to be paid.

17. Defendants, C.R., N.R., and Francisco Omar Tejada Rosa, on the one hand, and Roland Dewayne Smith Jr., on the other hand, claim as potential beneficiaries of the remaining proceeds of the Group Policies, may each have a claim to and interest in the remaining proceeds of the Group Policies, and said claims are adverse to and conflict with each other. By reason of these adverse and conflicting claims, Unum is unable to discharge its admitted liability under the Group Policies without exposing itself to multiple litigation, liability, or both.

18. Unum is indifferent as to which of the claimants is entitled to the proceeds payable under the Group Policies and is only interested in paying and discharging its admitted liability; however, it has been unable to do so by reason of the adverse and conflicting claims of Defendants C.R., N.R., and Francisco Omar Tejada Rosa, and Defendant Moore, and thus files this Complaint for Interpleader.

19. Contemporaneous with the filing of this Complaint for Interpleader, Unum will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Group Policies in the amount of $20,000.00.

**WHEREFORE**, Unum Life Insurance Company of America prays this Honorable Court enter an order or orders granting the following relief:

A. Granting Unum Life Insurance Company of America leave to deposit the proceeds payable under the Group Policies, in the amount of $20,000.00, with this honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Enjoining C.R., N.R., Francisco Omar Tejada Rosa, and Roland DeWayne Smith Jr., during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Unum Life Insurance Company of America in any state or federal court or other forum with respect to proceeds payable pursuant to the Group Policies, and on account of the death of Mercedes Rosa Sterling, the insured, and that said injunction issue without bond or surety;

C. Granting judgment to Unum Life Insurance Company of America with the finding that it has no further liability to C.R., N.R., Francisco Omar Tejada Rosa, Roland DeWayne Smith Jr., or to any person or entity claiming through them, for the proceeds payable under the Group Policies, and on account of the death of Mercedes Rosa Sterling;

D. Entering an Order finding that Unum Life Insurance Company of America has acted in good faith by interpleading the proceeds payable under the Group Policies and depositing the admitted liability with the Court;

E. Entering judgment in favor of Unum Life Insurance Company of America, and against C.R., N.R., Francisco Omar Tejada Rosa, and Roland DeWayne Smith Jr., with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F. Excusing and dismissing Unum Life Insurance Company of America from further attendance on this cause with prejudice and ordering the adverse claimants, C.R., N.R., Francisco Omar Tejada Rosa, and Roland DeWayne Smith Jr., to litigate their claims and contentions to the proceeds payable under the Group Policies, without further involving Unum Life Insurance Company of America;

G. Awarding Unum Life Insurance Company of America its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, such fees and costs to be deducted from the amount deposited with the Court or to its Clerk; and

H. Granting Unum Life Insurance Company of America such further and other relief as this Court deems just and appropriate.

Dated: October 30, 2023    Respectfully submitted,

    /s/*Savannah S. Trimmer*
Savannah S. Trimmer (NC Bar No. 58082)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC 27615
Telephone: 919-789-3142
Facsimile: 919-783-9412
Email: savannah.trimmer@ogletree.com
**Attorney for Plaintiff Unum Life Ins. Co. of America**

6